**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| WILLIAM C. HALEY JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:26-cv-00542 (UNA) |
| | ) | |
| MONROE COUNTY, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**MEMORANDUM OPINION**

This matter is before the Court on Plaintiff's Application for Leave to Proceed *in forma pauperis* ("IFP"), ECF No. 2, and his *pro se* Complaint ("Compl."), ECF No. 1.  The Court grants the IFP Application, and for the reasons explained below, it dismisses this matter without prejudice for lack of subject matter jurisdiction.

Plaintiff, a resident of Rochester, New York, sues Monroe County New York, the Monroe County Family Court and one of its judges, the Monroe County Sherriff's Office, the Monroe County Public Defender's Office, a guardian ad litem, and a court-appointed mediator.  *See* Compl. at 5.  He challenges multiple determinations and other actions related to child custody and visitation proceedings held by the Monroe County Family Court, which ultimately, on October 5, 2025, resulted in an order of protection for his minor child, all of which allegedly violated several of Plaintiff's civil rights.  *See id*. at 3–12.  He demands damages and equitable relief, including vacating all orders of protection, restoring his parental decision-making authority and his contact with the minor child, enjoining any state proceedings taken against him, and an order directing the

local Monroe County courts to preserve and produce evidence and case records.  *See id*. at 4, 10, 12–13.

Plaintiff has failed to establish subject matter jurisdiction.  *See generally* 28 U.S.C. §§ 1331 and 1332.  Relevant here, federal district courts generally lack jurisdiction to review or interfere with judicial decisions by state courts.  *See Richardson v. District of Columbia Court of Appeals*, 83 F.3d 1513, 1514 (D.C. Cir. 1996) (citing *District of Columbia v. Feldman*, 460 U.S. 462, 476 (1983) and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923)).  Indeed, the domestic relations exception deprives a federal district court of the "power to issue . . . child custody decrees," *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992), or to make other related decisions, *see Bennett v. Bennett*, 682 F.2d 1039, 1042 (D.C. Cir. 1982) (explaining that domestic relationship exception divests federal court of jurisdiction over "grant[ing] a divorce, determin[ing] alimony or support obligations, or resolv[ing] parental conflicts over the custody of their children").  State custody determinations generally fail to implicate any constitutional or federal statutory right, and as such, they must be contested in the local court where the proceedings were held.  *See Lassiter v. Department of Social Services*, 452 U.S. 18, 25 (1981) (no constitutional right to counsel in civil actions where plaintiff's personal liberty is not at stake); *see also Bennett*, 682 F.2d at 1042 (child custody issues uniquely suited to resolution in local courts).  Simply put, "[e]vents may not have unfolded as [p]laintiff wished, but his dissatisfaction . . . [does] not form a basis" for a civil rights violation.  *See Melton v. Dittrict of Columbia*, 85 F. Supp. 3d 183, 193 (D.D.C. 2015).

Furthermore, even if Plaintiff had established subject matter jurisdiction, venue is improper in this District.  Venue in a civil action is proper only in (1) the district where any defendant resides, if all defendants reside in the same state in which the district is located, (2) in a district in which a substantial part of the events or omissions giving rise to the claim occurred (or a substantial part

of the property that is the subject of the action is situated), or (3) in a district in which any defendant may be found, if there is no district in which the action may otherwise be brought. *See* 28 U.S.C. § 1391(b); *see also* 28 U.S.C. § 1406(a) (providing dismissal for improper venue). Here, all of the parties are located in New York, and all of the alleged actions and omissions giving rise to Plaintiff's claims also occurred there. As pleaded, this action bears no connection to the District of Columbia.

Accordingly, for all of these reasons, the Complaint, ECF No. 1, and this case, are dismissed without prejudice. A separate Order accompanies this Memorandum Opinion.


Date:  May 1, 2026                                    _____/s/_____
                                                               RUDOLPH CONTRERAS
                                                               United States District Judge